FILE COPY



# Fourth Court of Appeals
## San Antonio, Texas

October 21, 2020

No. 04-20-00417-CV

Emilano **LOPEZ**,
Appellant

v.

**EL PRADO STONE, L.P., D/B/A I-10 BUILDING MATERIALS**,
Appellee

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CI19981
Honorable Antonia Arteaga, Judge Presiding

# O R D E R

In a suit on sworn account, on June 8, 2020, the trial court signed an order granting judgment on the pleadings. The "Final Judgment" orders Emilano Lopez to pay El Prado Stone, L.P. $97,565.74 for unpaid invoices, but the printed judgment contains blanks for the amounts of prejudgment interest and attorney's fees. Rather than write in amounts for interest and attorney's fees in the respective blanks, the trial court wrote "TBD" near each blank.

Lopez filed a notice of appeal. El Prado Stone moved to dismiss the appeal asserting that this court lacks jurisdiction because the appealed-from judgment did not dispose of the interest or attorney's fees.

Lopez responded that the trial court intended the judgment to be final because the judgment ends with this language: "This is a final judgment that disposes of all claims and causes of action in this cause number."

Generally, "an appeal may be taken only from a final judgment. A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). But "[t]he intent to finally dispose of the case must be unequivocally expressed in the words of the order itself." *Id.* at 200.

Here, the trial court handwrote "TBD"—which we understand to mean "To Be Determined"—beside the blank for the amount of prejudgment interest and the blank for the amount of attorney's fees. *Contra id.* Despite the preprinted language cited by Lopez, the trial

court's handwritten annotations indicate the trial court did not intend the judgment to finally dispose of all parties and claims. *Cf. Hous. Expl. Co. v. Wellington Underwriting Agencies, Ltd.*, 352 S.W.3d 462, 472 (Tex. 2011) ("[T]he law has long recognized that changes in a printed form must be accorded special weight in construing the instrument."); *Lehmann*, 39 S.W.3d at 200 (noting "[t]he intent to finally dispose of the case must be unequivocally expressed in the words of the order").

We ORDER Appellant Emilano Lopez to show cause in writing within TEN DAYS of the date of this order why this appeal should not be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). If Appellant does not timely provide written proof as ordered, this appeal will be dismissed. *See id.*

All other appellate deadlines are SUSPENDED pending further order of this court.

_____
Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 21st day of October, 2020.



_____
MICHAEL A. CRUZ, Clerk of Court